UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 97-0761 CR-HIGHSMITH

UNITED STATES OF AMERICA )

vs. )

SERGIO TEMPRANO )
and )
REYMAR GONZALEZ )
)
————————————————)

NO: _____

MAGISTRATE JUDGE

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)   GARBER
18 U.S.C. § 2

**INDICTMENT**

FILED by \_\_\_ D.C.
97 OCT -3 PM 3: 23

The Grand Jury charges that:

## COUNT I

From on or about September 9, 1997, the exact date being unknown to the Grand Jury, to on or about September 13, 1997, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SERGIO TEMPRANO
and
REYMAR GONZALEZ,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with persons known and unknown to the grand jury, to distribute and to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT II

On or about September 13, 1997, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SERGIO TEMPRANO**
**and**
**REYMAR GONZALEZ,**

did knowingly and intentionally posses with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### COUNT III

On or about September 13, 1997, in Miami, Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SERGIO TEMPRANO**
**and**
**REYMAR GONZALEZ,**

did knowingly and intentionally distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-0761 CR-HIGHSMITH

**CERTIFICATE OF TRIAL ATTORNEY** MAGISTRATE JUDGE

GARBER

UNITED STATES OF AMERICA

v.

SERGIO TEMPRANO, et al

**Related Case Information:**

| | | | | |
|---|---|---|---|---|
| SUPERSEDING | Yes | ___ | No | X |
| New Defendant(s) | Yes | X | No | ___ |
| Number of New Defendants | | 2 | | |
| Total number of counts | | 3 | | |

**Court Division:** (Select One)

X   Miami   ___   Key West
___   FTL   ___   WPB ___ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No) __No__
     List language and/or dialect _____

4.   This case will take __3__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                              (Check only one)

| | | | |
|---|---|---|---|
| I | 0 to 5 days | X | Petty |
| II | 6 to 10 days | ___ | Minor |
| III | 11 to 20 days | ___ | Misdem. |
| IV | 21 to 60 days | ___ | Felony   X |
| V | 61 days and over | ___ | |

FILED by __ D.C.
97 OCT -3 PM 3: 20

6.   Has this case been previously filed in this District Court?  (Yes or No) No
If yes:

Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) __Yes__
If yes:

Magistrate Case No. _____ 97-3580-MG-Palermo _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

7.   This case originated in the U.S. Attorney's office prior to August 16, 1985
     (Yes or No) __No__

Lois Foster-Steers

LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.  0480509

*Penalty Sheet(s) attached

REV.12/12/96
A:\BLANK.CTA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

97-0761 CR-HIGHSMITH

PENALTY SHEET

MAGISTRATE JUDGE
GARBER

Defendant's Name:   **SERGIO TEMPRANO**_____   No.: _____

Count #: I
 21 U.S.C. §846

Conspiracy to possession with intent to distribute cocaine.

*Max. Penalty: Life imprisonment.

Count #: II
21 U.S.C. § 841(a)and 18 U.S.C. § 2

Possession with intent to distribute cocaine.

*Max. Penalty: Life imprisonment

Count #: III
21 U.S.C.  841(a)(1) and 18 U.S.C. § 2

Distribution of cocaine.

*Max. Penalty: Life imprisonment.

Count #:

* Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

97-0761 CR-HIGHSMITH

PENALTY SHEET

MAGISTRATE JUDGE
GARBER

Defendant's Name: __REYMAR GONZALEZ_____ No.: _____

Count #: I
 21 U.S.C. §846

Conspiracy to possession with intent to distribute cocaine.

*Max. Penalty: Life imprisonment.

Count #: II
21 U.S.C. § 841(a)and 18 U.S.C. § 2

Possession with intent to distribute cocaine.

*Max. Penalty: Life imprisonment

Count #: III
21 U.S.C.  841(a)(1) and 18 U.S.C. § 2

Distribution of cocaine.

*Max. Penalty: Life imprisonment.

Count #:


* Max. Penalty:
Count #:



*Max. Penalty:
Count #:



*Max. Penalty:
Count #:



*Max. Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

GRAND JURY INDICTMENT NO. 96-rpd623

97-nv23

No. 97-0 CR-HIGHSMITH

# UNITED STATES DISTRICT COURT

___ SOUTHERN ___ District of ___ FLORIDA ___

___ CRIMINAL ___ Division

## THE UNITED STATES OF AMERICA

vs.

SERGIO TEMPRANO, et.al.

# INDICTMENT

ALL IN VIOLATIONS OF : 21 U.S.C. Section 846
21 U.S.C. Section 841(a)(1)
18 U.S.C. Section 2

A true bill.

_____
Foreman

FCI #96-5 (MTD)

Filed in open court this _____
of ____ Oct ____ A.D. 19 __ 97

_____ day,

_____
Clerk

Bail, $ _____

MAGISTRATE JUDGE
GARBER

```
                                                              INTERP

                      U.S. District Court
               Southern District of Florida (Miami)

           CRIMINAL DOCKET FOR CASE #: 97-M -3580-ALL

USA v. Temprano, et al                              Filed: 09/22/97
Dkt# in other court: None

Case Assigned to:  Magistrate Peter R. Palermo

SERGIO TEMPRANO (1) , DOB          Joel David Robrish
1/9/50  Prisoner #50441-004;       305-667-9320
12695 N.W. 8th Lane, Miami,        [COR LD NTC ret]
Fl.  33182 (305) 207-7174          1390 South Dixie Highway
    defendant                      Miami, FL 33146


Pending Counts:

   NONE


Terminated Counts:

   NONE



Complaints                         Disposition

Possession with intent to
distribute COCAINE


========================
```

```
INTERNAL USE ONLY: Proceedings include all events.              INTERP
1:97m 3580-ALLUSA v. Temprano, et al
```

Case Assigned to:  Magistrate Peter R. Palermo

```
REYMAR GONZALEZ (2) , DOB          Peter Heller
5/31/76  Prisoner #50442-004;      305-284-8000
12695 N.W. 8TH Lane, Miami,        Suite 208
Fl.  33182 (305) 207-7174          [COR LD NTC ret]
     defendant                     8603 South Dixie Highway
                                   Miami, FL 33143-9890
```

Pending Counts:

    NONE


Terminated Counts:

    NONE



Complaints                         Disposition

Possession with intent to
distribute COCAINE


U. S. Attorneys:

    NONE

```
INTERNAL USE ONLY: Proceedings include all events.            INTERP
1:97m 3580-ALLUSA v. Temprano, et al
```

```
9/22/97  1       COMPLAINT as to Sergio Temprano, Reymar Gonzalez (ai)
                 [Entry date 09/26/97]

9/22/97  2       ARREST WARRANT issued as to Sergio Temprano    Warrant
                 issued by Magistrate Peter R. Palermo   Bail fixed at
                 $75,000 CORPORATE Surety with a NEBBIA requirement (ai)
                 [Entry date 09/26/97]

9/22/97  3       ARREST WARRANT issued as to Reymar Gonzalez    Warrant
                 issued by Magistrate Peter R. Palermo   Bail fixed at
                 $75,000 CORPORATE Surety with a NEBBIA requirement (ai)
                 [Entry date 09/26/97]

9/24/97  --      ARREST of Sergio Temprano, Reymar Gonzalez (ai)
                 [Entry date 09/26/97]

9/24/97  4       REPORT Commencing Criminal Action as to Sergio Temprano
                 DOB: 1/9/50  Prisoner # 50441-004 (ai) [Entry date 09/26/97]

9/24/97  5       REPORT Commencing Criminal Action as to Reymar Gonzalez
                 DOB: 5/31/76  Prisoner # 504410-004 (ai)
                 [Entry date 09/26/97]

9/24/97  6       ORDER on Initial Appearance as to Sergio Temprano Bond set
                 to $75,000 CORPORATE surety with a NEBBIA requirement (no
                 hearing held). Arraignment set for 10:00am 10/8/97;
                 Preliminary examination set for 10:00am 10/8/97; before
                 Duty Magistrate, ,  ( Signed by Magistrate Peter R.
                 Palermo on 9/24/97) Tape # 97E 35-796 CCAP (ai)
                 [Entry date 09/26/97]

9/24/97  7       ORDER on Initial Appearance as to Reymar Gonzalez Bond set
                 to $75,000 CORPORATE surety with a NEBBIA requirement .
                 Arraignment set for 10:00am 10/8/97; Preliminary
                 examination set for 10:00am 10/8/97; before Duty
                 Magistrate, ,  ( Signed by Magistrate Peter R. Palermo
                 on 9/24/97) Tape # 97E 35-796 CCAP (ai)
                 [Entry date 09/26/97]

9/24/97  --      INTERPRETER required for Sergio Temprano, Reymar Gonzalez
                 Language: SPANISH (ai) [Entry date 09/26/97]

9/25/97  12       Arrest WARRANT Returned Executed as to Sergio Temprano on
                 9/24/97 (cf) [Entry date 10/02/97]

9/25/97  13       Arrest WARRANT Returned Executed as to Reymar Gonzalez on
                 9/24/97 (cf) [Entry date 10/02/97]

9/26/97  8       NOTICE of Appearance for Sergio Temprano by Attorney Joel
                 David Robrish (ai) [Entry date 09/26/97]

9/26/97  9       MOTION by Sergio Temprano to reduce Bond (ai)
                 [Entry date 09/26/97]
```

INTERNAL USE ONLY: Proceedings include all events.                INTERP
1:97m 3580-ALLUSA v. Temprano, et al

9/26/97  --      Bond hearing as to Sergio Temprano, Reymar Gonzalez  held
                 (ai) [Entry date 09/26/97]

9/26/97  10      ORDER as to Sergio Temprano  denying [9-1] motion to reduce
                 Bond which remains at $75,000 CORPORATE Surety with a
                 NEBBIA requirement (1) ( Signed by Magistrate Peter R.
                 Palermo on 9/26/97)  Tape # 97E 39-232 CCAP⊠ (ai)
                 [Entry date 09/26/97]

9/26/97  11      ORDER as to Reymar Gonzalez denying motion to reduce Bond
                 Bond remains at $75,000 CORPORATE Surety with a NEBBIA
                 requirement. ( Signed by Magistrate Peter R. Palermo
                 9/26/97)  Tape # 97E 39-232 CCAP⊠ (ai) [Entry date 09/26/97]

9/26/97  16      NOTICE of Temporary Appearance of Stephen Millan as counsel
                 for Reymar Gonzalez (cf) [Entry date 10/07/97]

9/26/97  17      MOTION by Reymar Gonzalez to Reduce Bond (cf)
                 [Entry date 10/07/97]

9/26/97  --      **Terminated document(s) as to Reymar Gonzalez :  granting
                 [17-1] motion to Reduce Bond as to Reymar Gonzalez (2) (cf)
                 [Entry date 10/07/97]

9/30/97  18       PERSONAL SURETY WITH 10% deposted into the registry of the
                 Court entered by Reymar Gonzalez  in  Amount $ 75,000.
                 Receipt # 223807   Approved by Magistrate Peter R. Palermo
                 (cf) [Entry date 10/07/97]

9/30/97  19       PERSONAL SURETY BOND with 10% deposited into the registry
                 of the Court entered by Reymar Gonzalez  in  Amount $
                 75,000. Receipt # 223806   Approved by Magistrate Peter R.
                 Palermo (cf) [Entry date 10/07/97]

9/30/97  20      Minute of Nebbia held on 9/30/97  before Magistrate Peter
                 R. Palermo  as to Sergio Temprano, Reymar Gonzalez ;Nebbia
                 Satisfied Special conditions are: Surrender all travel
                 documents; Report to Pretrial Services Once weekly person
                 and once weekly phone; Curfew set from 12 pm to 6 am;
                 Submit to Drug testing; Tape #: 97E-39-1827 (cf)
                 [Entry date 10/07/97]

9/30/97  --      **Location LR as to Sergio Temprano (cf)
                 [Entry date 10/07/97]

10/2/97  --      Report Re Counsel  as to Reymar Gonzalez held (ma)
                 [Entry date 10/02/97]

10/2/97  14      ORDER on Hearing to Report Re Counsel as to Reymar Gonzalez
                 Counsel by Peter Heller   ( Signed by Magistrate Linnea R.
                 Johnson on 10/2/97)  Tape # 97FX-109-533  CCAP (ma)
                 [Entry date 10/02/97]

```
INTERNAL USE ONLY: Proceedings include all events.              INTERP
1:97m 3580-ALLUSA v. Temprano, et al
```

```
10/2/97   15        NOTICE of Appearance for Reymar Gonzalez by Attorney Peter
                    S. Heller (ma) [Entry date 10/02/97]
```



**CRIMINAL MINUTES**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**COURTROOM EAST TIME:11:30**

MAGISTRATE JUDGE __PETER R. PALERMO__

Case No. __97-3580-PALERMO__     Date __9/30/97__     END: __11:55__

Clerk __COLETTE FARRINGTON__     Tape No. __97E-39-__ _1827_

ECR Clerk/Court Reporter _____

USPO _____     Interpreter _____

**UNITED STATES OF AMERICA v.** __REYMAR GONZALEZ (J)50442-004__
__SERGIO TEMPRANO (J)50441-004__

AUSA __LOIS FOSTER-STEER__     Defense Counsel __STEPHEN MILLAN__
__JOEL ROBISH__

Defendant(s): Present_____ Not Present _____ In Custody __XX__

Reason for Hearing: __NEBBIA__

Result of Hearing: _Nebbia Satisfied - Gonzalez_
_& Temprano ; Bond set $75,000. 10% $_
_Regla Hernandez - Posting bond of Sergio_
_Temprano_
_Cond - Rest. S/D Fl.        Travel Doc' to be turned over_
_Random Drug Testing Ref. PTS     to PTS_
_1 x wk Person         12 pm to 6 Am_
_1 x wk by Telephone       curfew_

Case Continued to: _____ Time _____ For _____

Misc.: _____

CF
20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Defendant,

*Sergio Tempiano*

APPEARANCE BOND: _____

CASE NO.: *97-3580-Palermo*

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of

$ *75,000  10%*

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is: *12695 N. W. 8th Lane* *Miami, FL. 33182*

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

DISTRIBUTION:
   WHITE to Court file
   BLUE to defendant
   GREEN to Assistant U.S. Attorney
   YELLOW to Counsel
   PINK to U.S. Marshal
   GOLD to Pretrial Services

SD/FM-2
REV. 7/90

— 1 —

DEFENDANT: *Sergio Pensisano*

CASE NUMBER: *97-3580 Palermo*

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

✓ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

___ b. Report to Pretrial Services as follows: _____ *1 in person, 1 by phone.*

✓ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

✓ d. Maintain or actively seek full-time gainful employment.

✓ e. Maintain or begin an educational program. *(no)*

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

✓ h. Comply with the following curfew: _____

___ i. Comply with the following additional special conditions of this bond: *Curfew from* *12:00 O'Clock A.M. to 6:00 O'Clock A.M.*

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do do.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
WHITE to Court file
BLUE to defendant
GREEN to Assistant U.S. Attorney
YELLOW to Counsel
PINK to U.S. Marshal
GOLD to Pretrial Services

DEFENDANT: _____

CASE NUMBER: _____

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this __30__ day of __Sept__ , 19 __97__ , at __Miami__ , Florida.

Signed and acknowledged before me:

WITNESS: _____

DEFENDANT: (Signature) _____

ADDRESS: _12695 NW 8 LN_

_Miami Fla_ ZIP _33182_

ADDRESS: _____

_____ ZIP _____

TELEPHONE: _207-7174_

### CORPORATE SURETY

Signed this _____ day of _____ , 19 ____ , at _____ , Florida.

SURETY: _____

AGENT: (Signature) _____

ADDRESS: _____

PRINT NAME: _____

_____ ZIP: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this _____ day of _____ , 19 ____ , at _____ , Florida.

SURETY: (Signature) _____

SURETY: (Signature) _____

PRINT NAME: _____

PRINT NAME: _____

RELATIONSHIP

TO DEFENDANT: _____

RELATIONSHIP

TO DEFENDANT: _____

ADDRESS: _____

ADDRESS: _____

TELEPHONE: _____

TELEPHONE: _____

### APPROVAL BY COURT

Date: _9/30/97_

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

— 3 —

AO82
(Rev. 4/90)

**ORIGINAL**

223806

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _Miami_

RECEIVED FROM

_Joel Robish_

_1390 S Dixie Highway_

_Miami, Fl 33146_

_USA vs Sergio Tempvano_

| Fund | | ACCOUNT | AMOUNT |
|------|--|---------|--------|
| 6855XX | Deposit Funds | _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_ | _7,500.00_ |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | _7,500.00_ |
| 322340 | Sale of Publications | Case Number or Other Reference | |
| 322350 | Copy Fees | _97-3552-MC-Paker_ | |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | _Appearance Bond_ | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | _To be_ | |
| 504100 | Crime Victims Fund | _Invested_ | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE | | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|------|--|------|-------|------|--------|---------------|
| 19 | | | | | | |

_19/4_

UNITED  ATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Defendant,

Reymar Gonzalez ,

APPEARANCE BOND: _____

CASE NO.: 97 - 3580 Palermo

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 75,000  10%  .

MAG. SEC. 84

OCT 30 1997

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

    12695 NW 8th Lane
    Miami, FL 33182

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal law.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

SD/FM-2
REV. 7/90

— 1 —

DEFENDANT: _Reymar Gonzalez_

CASE NUMBER: _97 - 3580 Palermo_

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

☑ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

☑ b. Report to Pretrial Services as follows: _1 time a week in person and 1 time a week by phone_

☑ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

__ d. Maintain or actively seek full-time gainful employment.

__ e. Maintain or begin an educational program.

__ f. Avoid all contact with victims of or witnesses to the crimes charged.

__ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

☑ h. Comply with the following curfew: _12 am  to  6 am._

__ i. Comply with the following additional special conditions of this bond: _____

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

DEFENDANT: _____ Reymar Fon zalez

CASE NUMBER: _____ 97 - 3500 Palermi

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial offficer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 30th day of Sept , 19 97 , at Miami , Florida.

Signed and acknowledged before me:

WITNESS: _____

ADDRESS: _____ USMS _____ ZIP _____

DEFENDANT: (Signature) Reymar A. Gonzalez

ADDRESS: 12695 NW 8 Lane

Miami EL ZIP 33182

TELEPHONE: (305) 207-7174

### CORPORATE SURETY

Signed this _____ day of _____ , 19 _____ , at _____ , Florida.

SURETY: _____

ADDRESS: _____ ZIP: _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this _____ day of _____ , 19 _____ , at _____ , Florida.

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP

TO DEFENDANT: _____

ADDRESS: _____

TELEPHONE: _____

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP

TO DEFENDANT: _____

ADDRESS: _____

TELEPHONE: _____

### APPROVAL BY COURT

Date: 09-30-97

_____

UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD to Pretrial Services

— 3 —

223807

AO82
(Rev. 4/90)

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _Miami_

RECEIVED FROM _Joel Roti, Stephen T Millin_
_5665 S Dixie Highway_
_Miami Fl 33143 ste 268_
_USA v Reymir Gonzalez_

| | ACCOUNT | AMOUNT |
|---|---|---|
| **Fund** | | |
| 6855XX   Deposit Funds | | 7,500 00 |
| 604700   Registry Funds | | |
| General and Special Funds | | |
| 508800   Immigration Fees | | |
| 085000   Attorney Admission Fees | | |
| 086900   Filing Fees | **TOTAL** | 7,500 00 |
| 322340   Sale of Publications | | |
| 322350   Copy Fees | | |
| 322360   Miscellaneous Fees | | |
| 143500   Interest | | |
| 322380   Recoveries of Court Costs | | |
| 322386   Restitution to U.S. Government | | |
| 121000   Conscience Fund | | |
| 129900   Gifts | | |
| 504100   Crime Victims Fund | | |
| 613300   Unclaimed Monies | | |
| 510000   Civil Filing Fee (1/2) | | |
| 510100   Registry Fee | | |

Case Number or Other Reference
_97-3556 Mc falean_

_appearance_
_to be_
_bond_
_Invested_

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|---|---|---|---|---|---|---|

18/4

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

CASE NO: 97-3580 MAG.-PALERMO

UNITED STATES OF AMERICA,

          Plaintiff,

v.

REYMAR GONZALEZ,

          Defendant.



## MOTION TO REDUCE BOND

COMES NOW the Defendant, **REYMAR GONZALEZ**, by and through his undersigned counsel and hereby respectfully moves this Honorable Court to enter an order reducing setting bond. In support thereto, Defendant avers:

    1.    This Defendant was arrested by members of the City of Miami Police Department and charged with Trafficking in Cocaine in excess of 28 grams. The case began as a State Court prosecution but because of the more serious penalties involved in this court, the State court case was dismissed and this Federal action commenced.

    2.    After posting bond in State Court in the amount of fifty thousand ($50,000.00) dollars, the defendant was rearrested and charged with a violation of Title 21 U.S.C., Section 841 (a)(1). The Court set his bond at first appearance in the amount of seventy five thousand ($75,000.00) dollars, with a deposit of 10 % with the court and with a Nebbia hearing.

3.    The facts of this case reflect that the defendant is alleged to have delivered three cookies of crack cocaine to a female confidential informant who was employed by the City of Miami Police Department. The delivery of the cocaine allegedly occurred after a series of contacts by the informant which the Government alleges began on September 9, 1997 and conclude with the delivery of the drugs in a Chevrolet Suburban after the informant entered a vehicle driven by the defendant.

4.    The defendant allegedly handed the package containing three cookies of crack cocaine to the informant which were returned to the defendant. The defendant submits that the defendant never touched the drugs and the informant is implicating him in this case for reward and benefit.

5.    The Defendant arrived in the United States from Cuba on a raft.   However, his father is a long time resident of Miami, Florida and along with the defendant's Aunt provide the defendant with stable family ties to the community.

6.    The Defendant's release poses no danger to the community and no risk of flight.    The defendant has no prior criminal record and in risking his life by making the trip to this country on a raft shows the court of his desire to remain ion the United States. The defendant currently works for the codefendant at Good Service Marine located at 3245 N.W. 36th Street where he buys and sells marine parts.

## CONCLUSION

**WHEREFORE,** based upon the foregoing reasons, the Defendant respectfully prays that this Honorable Court enter an order reducing the bond in this case to forty thousand ($25,000.00) dollars, with a deposit of 10 per cent with the court. In addition the court may wish to consider other non monetary conditions of release, such as reporting to pretrial services, and a curfew which will provide the court with additional assurances that the defendant will appear as required in this case.

Respectfully submitted,

LAW OFFICES OF STEPHEN MILLAN
8603 South Dixie Highway
Suite 208
MIAMI, FLORIDA  33143
Tel. No. (305) 284-8000

BY: _____
STEPHEN MILLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-3580 MAG - Palermo

UNITED STATES OF AMERICA,

v.

Reymar Gonzalez

FILED by _____ D.C.
MAG. SEC.

SEP 2 1997

CARLOS JUENKE
CLERK, U.S. DIS. CT.
S.D. OF FLA. MIAMI

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

COMES NOW _Stephen Millan_ _____ and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance. This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
**obligations imposed** by the Court such as **preparing and filing**
**documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name **(Printed)** _Stephen Millan_

Counsel's Signature _Stephen T. Millan_

Address _First Union Bank Building, 8603 S. Dixie Hwy_
_Suite 208, Miami FL_ ZIP CODE: _33143_

Telephone _(305) 284-8000_

UNITED STATES OF AMERICA,

v.

REYMAR GONZALEZ

_____/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-3580- PALERMO

FL. BAR NO. 402222

10-2-97

## NOTICE OF PERMANENT APPEARANCE AS COUNSEL OF RECORD

COMES NOW Peter S. Heller, Esq., and files this appearance as counsel for the above

named defendant.  Counsel agrees to represent the defendant for all proceedings arising out of the

transaction with which the defendant is presently charged in the United States District Court in

and for the Southern District of Florida.

Counsel hereby states that this appearance is unconditional and in conformity with the

requirements of Local General Rule 16 and the Special Rules Governing the Admission and

Practice of Attorneys.

Counsel acknowledges responsibility to advise the defendant of the right of appeal, to file

a timely notice of appeal if requested to do so by the defendant, and to pursue that appeal unless

relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A BASIS
FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED:_____9/30/97_____

PETER S. HELLER, P.A.
8603 South Dixie Highway
Suite 208
Miami, Florida  33143
Tel. (305) 284-8000

By: _Stephen T. Millan_ For Peter Heller
     Peter S. Heller, Esq.

The undersigned defendant hereby consents to the representation of the above counsel

_____
Reymar Gonzalez, Defendant

LAW OFFICES PETER S. HELLER, P.A.
8603 SOUTH DIXIE HIGHWAY, SUITE 208, MIAMI, FLORIDA 33143 · TEL: (305) 284-8000 · FAX: (305) 667-1007

10-2-97

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 97-3580-PALERMO

UNITED STATES OF AMERICA,

vs.

REYMAR L. GONZALEZ

**ORDER ON HEARING TO
REPORT RE COUNSEL**

The above named defendant having appeared before the Court as ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____ Private counsel _Peter Heller_____ appeared in open court and is noted as permanent counsel of record.

_____ The defendant requested Court appointed counsel, was found eligible, and counsel will be appointed by separate order.

_____ The defendant requested Court appointed counsel but was found ineligible, and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

_____ The defendant requested further time to retain counsel and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

**DONE AND ORDERED** at Miami, Florida this ___2ND___ day of _OCTOBER_____, 19_97_.

TAPE NO.97FX-_09533_

c: AUSA _Donald Chase_
Defense Counsel
Pretrial Services or Probation
U.S. Marshal

_____
UNITED STATES MAGISTRATE JUDGE
LINNEA R. JOHNSON

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

REYMAR L. GONZALEZ

## WARRANT FOR ARREST

CASE NUMBER: 97-3580 Palermo

TO:  **The United States Marshal**
     **and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest  __REYMAR L. GONZALEZ__

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment  [ ] Information  [X] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense) conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.

in violation of Title __21__ United States Code, Section(s) _846, 841(a)(1)_

PETER R. PALERMO
UNITED STATES MAGISTRATE
Name of Issuing Officer

Signature of Issuing Officer

Bail fixed at $ _75,000 C/S w/Nebbia_   by

United States Magistrate Judge
Title of Issuing Officer

Miami, Florida
Date and Location

Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ |

Miami, Florida by DEA

| DATE RECEIVED 9/24/97 | NAME AND TITLE OF ARRESTING OFFICER DANIEL J. HORGAN US MARSHAL, S/FL | SIGNATURE OF ARRESTING OFFICER Keith Braynon, A/SDUSM BY: KEITH BRAYNON ACTING ENFORCEMENT SUPERVISOR |
|---|---|---|
| DATE OF ARREST 9/24/97 | | |

13/4

## BOND RECOMMENDATION


DEFENDANT _____ REYMAR GONZALEZ _____


$ 75, 000, CSB/w Nebbia   (Surety, Recognizance, Corp. Surety, Cash)
                         (Jail) (On Bond) (Warrant) (Summons)
                         (Marshal's Custody)


_____
LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY


Last Known Address:     _____

                        _____

What Facility:          _____

Agent:              ___ JOSEPH MARK NAPIER, Special Agent, DEA ___
                    (FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS)
                    (OTHER)

A□ 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

v.

SERGIO TEMPRANO

## WARRANT FOR ARREST

CASE NUMBER: *97-3580 PALERM*

TO: **The United States Marshal
and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest __SERGIO TEMPRANO__

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment  [ ] Information  [X] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense) conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.

in violation of Title __21__ United States Code, Section(s) __846, 841(a)(1)__

PETER R. PALERMO
UNITED STATES MAGISTRATE
_____
Name of Issuing Officer

_____
Signature of Issuing Officer

Bail fixed at $ _75,000 c/s w/nebbia._  by

United States Magistrate Judge
Title of Issuing Officer

Miami, Florida
Date and Location

_____
Name of Judicial Officer

| RETURN | | | |
|---|---|---|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ | | | |
| Miami, FLorida by DEA | | | |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 9/24/97 | DANIEL J. HORGAN | *Keith Braynon, A/SDUSM* |
| DATE OF ARREST 9/24/97 | US MARSHAL, S/FL | BY: KEITH BRAYNON |
| | | ACTING ENFORCEMENT SUPERVISOR |

18/4

## BOND RECOMMENDATION

•

DEFENDANT _____ SERGIO TEMPRANO _____

$ 75, 000, CSB/w Nebbia ___   (Surety, Recognizance, Corp. Surety, Cash)
                              (Jail) (On Bond) (Warrant) (Summons)
                               (Marshal's Custody)


_____

LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY


Last Known Address: _____

_____

What Facility: _____

Agent: ___ JOSEPH MARK NAPIER, Special Agent, DEA ___
           (FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS)
           (OTHER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 97-3580-PALERMO

UNITED STATES OF AMERICA

v.

REYMAR GONZALEZ

**ORDER ON BOND MOTION**

D.C.

MAG. SEC.

SEP 26 1997

CARLOS JUENKE
DIST. CT.

This Cause came before the Court upon moiton of the (defendant)(government) to (reduce)(increase)(modify) the bond. Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

___✗___ The motion is **denied**; bond remains at _$75,000 corp/pers_

_____ The motion is **granted**; bond is set at:

_____ Personal Surety, unsecured, in the amount of
$ _____

_____ Personal Surety in the amount of $ _____
with 10% posted with Clerk of Court.

_____ Personal Surety in the amount of $ _____
secured by the following collateral: _____
_____

_____ Full Cash in the amount of $ _____

_____ Corporate Surety in the amount of $ _____

_____ Full Cash or Corporate Surety in the amount of
$ _____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

__ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
__ REPORT TO PRETRIAL SERVICES AS FOLLOWS:_____

__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES
PROHIBITED BY LAW.          __     MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.

__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.

__ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND:_____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this _26_ day of _SEPTEMBER_
_1997_ .
TAPE NO.97E

_____
UNITED STATES MAGISTRATE JUDGE
PETER R. PALERMO

c: AUSA, Defense
Pretrial Services, U.S.Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 97-3580-PALERMO

UNITED STATES OF AMERICA, ~~D.C.~~

v.
SERGIO TEMPRANO

OCT 2 1997

**ORDER ON BOND MOTION**

This Cause came before the Court upon moiton of the
(defendant)(~~government~~) to ~~(reduce)~~(increase)(modify) the bond.
Upon consideration, it is
    **ORDERED AND ADJUDGED** as follows:
XX The motion is **denied**; bond remains at $75,000 PSB w/10% osv no
____ The motion is **granted**; bond is set at: see with N e/s/l)

____ Personal Surety, unsecured, in the amount of
                                    $_____

____ Personal Surety in the amount of $_____
     with 10% posted with Clerk of Court.

____ Personal Surety in the amount of $_____
     secured by the following collateral: _____
     _____

____ Full Cash in the amount of $_____

____ Corporate Surety in the amount of $_____

____ Full Cash or Corporate Surety in the amount of
                                    $_____

In addition to the standard conditions of bond, the following
special conditions are hereby imposed:
__ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
__ REPORT TO PRETRIAL SERVICES AS FOLLOWS:_____

__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES
PROHIBITED BY LAW.          __          MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.

__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.

__ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND:_____

If bond is changed from that set in another District, the reason
pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this 26 day of SEPTEMBER
1997 .
TAPE NO.97E  39-032

UNITED STATES MAGISTRATE JUDGE
PETER R. PALERMO

c: AUSA, Defense
   Pretrial Services, U.S.Marshal

IN THE UNITED STATES DISTRICT
COURT    FOR    THE    SOUTHERN
DISTRICT OF FLORIDA

CASE NO: 97-3580 MAG.-PALERMO

UNITED STATES OF AMERICA,

          Plaintiff,

v.

SERGIO TEMPRANO,

          Defendant.

_____/



FILED by ___ D.C.
MAG. SEC.

SEP 2 6 1997

CARLOS JUENKE
CLERK U.S. DIS. CT.
S.D. OF FLA. MIAMI

### MOTION TO REDUCE BOND

    COMES NOW the Defendant, **SERGIO TEMPRANO**, by and through his undersigned counsel and hereby respectfully moves this Honorable Court to enter an order reducing setting bond. In support thereto, Defendant avers:

### I.

### PREFACE

    This Defendant was initially arrested by members of the City of Miami Police Department and charged with Trafficking in Cocaine in excess of 28 grams. The case initially began as a State Court prosecution but because of the more serious penalties involved in this court, the State court case was dismissed and this Federal action commenced. In this regard, after posting bond in State Court in the amount of fifty thousand ($50,000.00) dollars, the defendant has been rearrested and now charged with a violation of Title 21 U.S.C., Section 841 (a)(1). The Court set his bond at first appearance in the amount of seventy five thousand

($75,000.00) dollars, with a deposit of 10 % with the court and with a Nebbia hearing.

## FACTUAL BACKGROUND

The facts of this case reflect that the defendant is alleged to have delivered three cookies of crack cocaine to a female confidential informant who was employed by the City of Miami Police Department. The delivery of the cocaine allegedly occurred after a series of contacts by the informant which the Government alleges began on September 9, 1997 and conclude with the delivery of the drugs in a Chevrolet Suburban after the informant entered a vehicle driven by the co-defendant in with the defendant was a passenger. Although the defense has not been able to make a full investigation of the facts at this time, it appears that the Government's case will rest completely on the uncorroborated testimony of a confidential informant of unknown reliability which presents serious credibility problems to the Government in the presentation of its case in chief.

## STATUTORY CRITERIA

A.   The Defendant's past and present conduct including any record of convictions.

The Defendant is 47 years old, resides with his wife of twenty three years, Maria Tampura, and have two children ages 21 and 9, respectively.  His oldest daughter, Maria, is employed by Florida Power and Light and is engaged to be married to **REYMAR GONZALEZ.** The defendant has had one prior criminal matter which occurred

approximately four years ago that involved possession of a firearm and was resolved successfully in State court with 50 hours of community control.

B.   The Defendant's release poses no danger to the community and no risk of Flight.

Other than this singular episode which, the Defendant has very little exposure o the criminal justice system.  The Defendant was originally born in Cuba but has spent most of his life in the in Miami, Fl.  For many years, he owned a small grocery store of the neighborhood variety until he was stricken with a stroke several years ago. Defendant is currently under medical treatment and takes a variety of medications for his chronic heart disease. After suffering the stroke and being hospitalized at Jackson Memorial Hospital the family closed the grocery business. Continued detention poses a threat  to the defendant's health and to the loss of his business.   The defendant currently owns and operates Good Service Marine located at 3245 N.W. 36th Street where he buys and sells marine parts.

### CONCLUSION

**WHEREFORE**, based upon the foregoing reasons, the Defendant respectfully prays that this Honorable Court enter an order reducing the bond in this case to forty thousand ($40,000.00) dollars, with a deposit of 10 per cent with the court.  In addition the court may wish to consider other non monetary conditions of release, such as reporting to pretrial services, which will provide

the court with additional assurances that the defendant will appear

as required in this case.

Respectfully submitted,

LAW OFFICES OF JOEL D. ROBRISH
1390 South Dixie Highway
Suite 1390
Coral Gables, Florida 33146
Tel. No. (305-667-9327

BY:_____
    JOEL D. ROBRISH

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the foregoing has been delivered this 26th day of September 1997 to the Office of the United States Attorney, 99 N.E.4th Street, Miami, Fla. 33130.

BY:_____

JOEL D. ROBRISH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-3580

UNITED STATES OF AMERICA,

v.

Sergio Templans

NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD

COMES NOW _Joel Robbish_ and for this
appearance as counsel for the above named defendant(s). Counsel
agrees to represent the defendant(s) for all proceedings arising
out of the transaction with which the defendant(s) is/are presently
charged in the United States District Court in and for the Southern
District of Florida.

Counsel hereby states that this appearance is unconditional
and in conformity with the requirements of Local General Rule 16
and the Special Rules Governing the Admission and Practice of
Attorneys.

Counsel acknowledges responsibility to advise the
defendant(s) of the right of appeal, to file a timely notice of
appeal if requested to do so by the defendant(s), and to pursue
that appeal unless relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A
BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _Sept. 26, 1997_

Attorney _Joel Robrish_

Address _1390 S. Dixie Hgwy_

City _Mia_   State _FL_  Zip Code _33146_

Telephone _305 6679327_

The undersigned defendant(s) hereby consents to the
representation of the above counsel.

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _97-3580-PALERMO_

UNITED STATES OF AMERICA

         Plaintiff,

v.

REYMAR L. GONZALEZ (J) 50442-004
           DOB 5/31/76
      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language _SPANISH_
Tape No. _97E-35-796_
AUSA _Lois Foster Steers_
Agent _DEA/NAPIER_

FILED BY _____ D.C.
MAG. SEC.

    The above-named defendant having been arrested on _9/24/97_ and having appeared before the court for initial appearance on _9/24/97_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Joel Robish_ appeared as permanent/temporary counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1997.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am   10/8_, 1997.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 1997.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_$75,000. 10% w/Nebbia (No Bond Hrg)_

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
On Warrant _____
After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this _24TH_ day of _SEPTEMBER_____, 1997.

_____
**UNITED STATES MAGISTRATE JUDGE
PETER R. PALERMO**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. ___97-3580-PALERMO___

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language ___SPANISH___

Tape No. _97E - 35 - 7 96_

v.

AUSA _Lois Foster-Steers_

SERGIO TEMPRANO (J) 50441-004
DOB 1/9/50

Agent ___DEA/NAPIER___

FILED by _____ D.C.

Defendant.

SEP 2 4 1997

_____/

The above-named defendant having been arrested on ___9/24/97___ and having appeared before the court for initial appearance on ___9/24/97___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon

**ORDERED** as follows:

1. _Joel D. Robish___ appeared as permanent/temporary counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1997.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _10/8_, 1997.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 1997.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   _____ w/ Nebbia _____
   $75,000. 10% (No Bond mtg)

   This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
   ___a. Surrender all passports and travel document to the Pretrial Services Office.
   ___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
   ___d. Maintain or actively seek full time gainful employment.
   ___e. Maintain or begin an educational program.
   ___f. Avoid all contact with victims of or witnesses to the crimes charged.
   ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
   ___h. Comply with the following curfew: _____
   ___l. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

...

___ j. Comply with the following additional special conditions of this bond:

_____

_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this __24TH__ day of <u>SEPTEMBER</u>, 1997.

_____

**UNITED STATES MAGISTRATE JUDGE**
**PETER R. PALERMO**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA )   Case Number: CR 97-3580 Palermo
    Plaintiff )
         )   REPORT COMMENCING CRIMINAL
  -vs-      )       ACTION
         )
Reymar L. Gonzalez )     50442 004
    Defendant )

*************************************************
TO: Clerk's Office   MIAMI   FT. LAUDERDALE   W. PALM BEACH
  U.S. District Court  (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
   MAGISTRATES COURT ABOVE
*************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 9-24-97  7:00  am/pm

(2)  Langue Spoken: Spanish

(3)  Offense (s) Charged: 846 and 841(a)(1)

(4)  U.S. Citizen [ ] Yes  [X] No  [ ] Unknown

(5)  Date of Birth: 5-31-76

(6)  Type of Charging Document:  (check one)
  [ ] Indictment  [X] Complaint  To be filed / Already filed
  Case# 61-97-0489

  [ ] Bench Warrant for Failure to Appear
  [ ] Probation Violation Warrant
  [ ] Parole Violation Warrant

  Originating District: Southern Dist. Florida

  COPY OF WARRANT LEFT WITH BOOKING OFFICER [X]YES [ ]NO

Amount of Bond: $ 75,000 CSB/w Nebbia
Who set Bond: U.S. Magistrate Judge Peter Palermo

(7)  Remarks: _____

(8)  Date: 9-24-97   (9) Arresting Officer: S/A Napier

(10) Agency: DEA   (11) Phone: 305-590-4900

(12) Comments: _____

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

## WARRANT FOR ARREST

REYMAR L. GONZALEZ

CASE NUMBER: $97-3580$ Palermo

**TO:**   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   REYMAR L. GONZALEZ

                                                                                                    Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment   [ ] Information   [X] Complaint   [ ] Order of court   [ ] Violation Notice   [ ] Probation Violation Petition

charging him or her with (brief description of offense) conspiracy to possess with intent to distribute cocaine and  possession with intent to distribute cocaine.

in violation of Title __21__ United States Code, Section(s) __846, 841(a)(1)__

PETER R. PALERMO
UNITED STATES MAGISTRATE
**Name of Issuing Officer**

**Signature of Issuing Officer**

United States Magistrate Judge
**Title of Issuing Officer**

Miami, Florida
**Date and Location**

PETER ...
UNITED STATES MAGISTRATE

Bail fixed at $ _75,000 C/S w/ Nebb_   by

**Name of Judicial Officer**

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above named defendant at _9-24-97, 7:00 a.m._ |
| _12695 NW 8th LN, Miami, FL_ |

| DATE RECEIVED<br>9-24-97 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST<br>9-24-97 | Special Agent Joseph M Napier | Joseph M Napier |

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA )   Case Number: CR 97-3580 Palermo
               Plaintiff )
                     )   **REPORT COMMENCING CRIMINAL**
   -vs- )   **ACTION**
                     )
Serigo Temprano )
             Defendant )   5 0 4141 004

**********************************************************

TO: Clerk's Office   **MIAMI**   FT. LAUDERDALE   **W. PALM BEACH**
    U.S. District Court   (circle one)

**NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN**
        **MAGISTRATES COURT ABOVE**

**********************************************************

All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)   Date and Time of Arrest: 8-24-97 7:00 (am)/pm

(2)   Languse Spoken: Spanish

(3)   Offense (s) Charged: 846 and 841 (a)(1)

(4)   U.S. Citizen  [ ] Yes  [X] No  [ ] Unknown

(5)   Date of Birth: 1-9-50

(6)   Type of Charging Document:  (check one)
    [ ] Indictment  [X] Complaint  To be filed/Already filed
    Case# 61-97-0489

    [ ] Bench Warrant for Failure to Appear
    [ ] Probation Violation Warrant
    [ ] Parole Violation Warrant

    Originating District: Southern Dist. Florida

    COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ]YES [ ]NO

Amount of Bond: $ 75,000 (SB/w Nebbia
Who set Bond: US Magistrate Judge Peter Palermo

(7)   Remarks: _____

(8)   Date: 8-24-97   (9) Arresting Officer: S/A Napier

(10)  Agency: DEA   (11) Phone: 305-590-4900

(12)  Comments: _____

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

v.

SERGIO TEMPRANO

## WARRANT FOR ARREST

CASE NUMBER: 97-3580 PALERMO

TO:   The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __SERGIO TEMPRANO__

                                                        Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ]Indictment  [ ]Information  [X]Complaint  [ ]Order of court  [ ]Violation Notice  [ ]Probation Violation Petition

charging him or her with (brief description of offense) conspiracy to possess with intent to distribute cocaine and  possession with intent to distribute cocaine.

in violation of Title __21__ United States Code, Section(s) __846, 841(a)(1)__

PETER R. PALERMO
UNITED STATES MAGISTRATE

Name of Issuing Officer

Signature of Issuing Officer

Bail fixed at $ 75,000 C/S w/nebbia.

United States Magistrate Judge
Title of Issuing Officer

Miami, Florida
Date and Location

PETER R. PALERMO
UNITED STATES MAGISTRATE

by _____

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above named defendant at 9-24-97, 7:00 a.m. | | |
| 12695 NW 8th LN, Miami, FL. | | |
| DATE RECEIVED<br>9-24-97 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST<br>9-24-97 | Special Agent Joseph M Napier | Joseph M Napier |

# United States District Court

__SOUTHERN__ _____ DISTRICT OF _____ __FLORIDA__

UNITED STATES OF AMERICA

V.

## WARRANT FOR ARREST

REYMAR L. GONZALEZ

CASE NUMBER: 97- 3580 PALERMO

TO: **The United States Marshal
and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest __REYMAR L. GONZALEZ__

FILED by _____ D.C.
MAG. SEC.

SEP 2 2 1997

Name CARLOS JUENKE
ERN U.S. DIST. CT.
S.D. OF FLA. MIAMI

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment  [ ] Information  [X] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense) conspiracy to possess with intent to distribute cocaine and  possession with
intent to distribute cocaine.

in violation of Title __21__ United States Code, Section(s) __846, 841(a)(1)__

PETER R. PALERMO
UNITED STATES MAGISTRATE
**Name of Issuing Officer**

**Signature of Issuing Officer**

Bail fixed at $ _75, 000 C/S  w/ Nebia_

__United States Magistrate Judge__
**Title of Issuing Officer**

__Miami, Florida__ , _9/22/97_
**Date and Location**

PETER
UNITED STATES MAGISTRATE
by
**Name of Judicial Officer**

---

| **RETURN** |
|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

## BOND RECOMMENDATION

DEFENDANT _____ REYMAR GONZALEZ _____

$ 75, 000, CSB/w Nebbia   (Surety, Recognizance, Corp. Surety, Cash)
                          (Jail) (On Bond) (Warrant) (Summons)
                          (Marshal's Custody)


_____

**LOIS FOSTER-STEERS**
**ASSISTANT UNITED STATES ATTORNEY**


Last Known Address:        _____

                           _____

What Facility:             _____

Agent:                     _JOSEPH MARK NAPIER, Special Agent, DEA_____
                           (FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS)
                           (OTHER)

AO 442 (Rev. 12/85) Warrant for Arrest

## United States District Court

<u>SOUTHERN</u> _____ DISTRICT OF _____ <u>FLORIDA</u>

UNITED STATES OF AMERICA

V.

SERGIO TEMPRANO

## WARRANT FOR ARREST

CASE NUMBER: 97-3580 PALERMO

TO:   **The United States Marshal**
      **and any Authorized United States Officer**

FILED by _____ D.C.
MAG. SEC.

SEP 2 2 1997

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI
**Name**

YOU ARE HEREBY COMMANDED to arrest ___<u>SERGIO TEMPRANO</u>_____

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment  [ ] Information  [X] Complaint  [ ] Order of court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense) **conspiracy to possess with intent to distribute cocaine and  possession with intent to distribute cocaine.**

in violation of Title __21___ United States Code, Section(s) _846, 841(a)(1)_____

PETER R. PALERMO
UNITED STATES MAGISTRATE
_____
Name of Issuing Officer

_____
Signature of Issuing Officer

Bail fixed at $ _75,000 c/s u/arllua._ by

<u>United States Magistrate Judge</u>
Title of Issuing Officer

Miami, Florida  9/22/97
Date and Location
PETER R. PALERMO
UNITED STATES MAGISTRATE
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above named defendant at _____ _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

## BOND RECOMMENDATION

DEFENDANT _____ SERGIO TEMPRANO _____

$ 75, 000, CSB/w Nebbia   (Surety, Recognizance, Corp. Surety, Cash)
                          (Jail) (On Bond) (Warrant) (Summons)
                          (Marshal's Custody)


_____
LOIS FOSTER-STEERS
ASSISTANT UNITED STATES ATTORNEY


Last Known Address:     _____

                        _____

What Facility:          _____

Agent:                  _JOSEPH MARK NAPIER, Special Agent, DEA_
                        (FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS)
                        (OTHER)

# United States District Court

_____SOUTHERN_____ **DISTRICT OF** _____FLORIDA_____

UNITED STATES OF AMERICA

V.

SERGIO TEMPRANO
**and**
REYMAR GONZALEZ

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

**CASE NUMBER:** 97-3580 PALermo

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 9 -13, 1997 , in Dade county, in the Southern District of

Florida , defendant(s) did, knowingly and intentionally conspire to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846; and did knowingly and intentionally possess with intent to distribute and did distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

BASIS OF COMPLAINT'S CHARGE AGAINST ACCUSED:

in violation of Title ____21___ United States Code, Section(s) 846 and 841(a)(1)

I further state that I am a _Special Agent, of DEA_____ and that this complaint is based on the following
        **Official Title**
facts:

See Attached Affidavit

Continued on the attached and made a part hereof:    [x] Yes   [ ] No

Joseph Mark Napier,
**Signature of Complainant**
Special Agent, DEA

Sworn to before me, and subscribed in my presence,

Sept 22, 1997
Date

Miami, Florida
City and State

PETER PALERMO, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

I, Joseph Mark Napier, being duly sworn, hereby states as follows:

1.   I am a Special Agent of the United States Drug Enforcement Administration.   I have been so employed for approximately one year and nine months.   Previously I was employed in the United States Army, National Guard.   The following information is based upon my own personal knowledge as well as information provided by other law enforcement officers.

2.   On September 9, 1997, a confidential informant contacted defendant **SERGIO TEMPRANO** and asked him to provide her with three ounces of crack cocaine.   **TEMPRANO**   agreed and over the next few days arrangements were made for **TEMPRANO** to meet the confidential informant on Saturday, September 13, 1997, at the corner of N.W. 5th Avenue and 28th Street.

3.   On Saturday, September 13, 1997, the Confidential informant went to the agreed upon location. She saw **TEMPRANO** in a white Chevrolet Suburban in the passenger side of the vehicle which was traveling south bound on N.W. 5th Avenue around 27th and 28th Street.

4.   The confidential informant waved down the vehicle and when it stopped she entered the rear seat of the vehicle.   Defendant **REYMAR GONZALEZ** was driving the vehicle.

5.   Defendant **GONZALEZ** handed three cookies of crack cocaine to the confidential informant in the back seat.   She inspected the cookie handed them back to defendant **GONZALEZ.**   She then exited the vehicle and the defendants were arrested at that time.

JOSEPH MARK NAPIER
Special Agent
U.S. Drug Enforcement Administration

Sworn to and subscribed before me
this 22th day of September, 1997

PETER PALERMO
United States Magistrate Judge